UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BARBARA RABA,<br><br>      Plaintiff,<br><br>vs.<br><br>JARED E. DYE,<br><br>      Defendants. | 4:21-CV-04192-KES<br><br>ORDER DENYING IN PART &<br>GRANTING IN PART PLAINTIFF'S<br>MOTION TO COMPEL<br><br>[Docket No. 28] |

## INTRODUCTION

This matter is pending before the court on plaintiff's first motion to compel the production of documents. Docket No. 28. Defendant resists the motion, and plaintiff has filed a reply. Docket Nos. 39 & 42. This matter has been referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and DSD L.R. 57.11.

## FACTS

The plaintiff, Barbara Raba, filed a complaint against defendant Jared E. Dye, DMD, for negligence arising from a dental procedure on December 26, 2019.[1] Docket No. 1 at ¶¶ 6-23. Plaintiff asserts that defendant, Jared E. Dye, DMD breached his professional duty of care and as a result, the plaintiff

---

[1] The complaint also alleges that defendant Oral Surgery & Implant Specialists was negligent under the doctrine of respondeat superior. Id. at ¶¶ 20-23. The district court granted a motion to dismiss defendant Oral Surgery Associates, P.C. without prejudice. Docket No. 22.

1

suffered injuries of pain and suffering; permanent impairment and disability; a loss of enjoyment of the capacity of life; emotional distress; past medical costs and expenses; and future medical costs and expenses. Id. at ¶¶ 17 & 19  An amended complaint was filed to include a jury demand. Docket No. 7, p. 5. Defendant denies the allegations of negligence in his answer to the plaintiff's amended complaint and asserts various defenses. Docket No. 10. Defendant Dr. Jared Dye's liability insurer, OMS National Insurance Company, ("OMSNIC"), is not a party to the suit.

The motion to compel now before this court concerns plaintiff's request for the production of documents No. 8, which makes the following request:

> Please produce any and all documents contained in the claims file of the Defendant's insurers concerning this claim. If you claim that these documents are privileged by work product, or otherwise, please prepare a Vaughn Index which must list for each separate document:
>
> (a) The date, author, and his or her capacity;
> (b) The recipient(s) (including copy recipient(s)) and their capacities;
> (c) The subject matter of the document;
> (d) The purpose of its production; and
> (e) A detailed specific explanation of why the document is privileged or immune from discovery

Docket No. 30-1, p. 12-13. Defendant responded to plaintiff's original request for production of documents with general objections, "to the extent that they call for the disclosure of information or communications protected by the attorney-client privilege or any other applicable privilege." Id. at p. 1 ¶ 3. Defendant responded to the Request for Production No. 8 stating, "None." Id. at pp. 12-13.

2

Following the submission of Dr. Dye's discovery responses, counsel for Ms. Raba notified defense counsel by letter of plaintiff's perceived deficiency in Dr. Dye's response.  Id. at p. 3; Docket No. 30-2.  Defendant asserted that he did not possess any portion of the claims file at the time of plaintiff's discovery requests.  Docket No. 39, p. 4, Druley Aff. at ¶ 6.  After depositions had been taken, plaintiff requested defendant supplement his responses to the discovery requests.  Id. at p. 5.  Defendant states, "during conversations between counsel, plaintiff's counsel was advised that Dr. Dye did not have possession of the 'claims file notes' contained within OMSNIC's claims file."  Id.  The parties held a telephone conference in which defense counsel suggested that plaintiff should issue a subpoena to Dr. Dye's insurance company OMSNIC to obtain the entire claims file.  Docket No. 29, p. 3.  Defense counsel followed up with a September 12, 2022, letter to plaintiff's counsel:

> After extensive discussion with OMSNIC, they have advised me that they do not regard their claims file as the property of Dr. Dye as their insured.  Nor do they believe it is within his custody or control for purposes of Rule 34 . . . **they had advised me not to produce any of the requested documents or a privilege log for the documents in response to your request.**  If you wish to obtain the documents, they would like you to issue a subpoena duces tecum pursuant to Rule 45 . . . OMSNIC would like to obtain independent representation for that matter, rather than have me attempt to defend their interests and Dr. Dye's interest simultaneously.

Docket No. 30-3, p. 1.

Plaintiff then issued a subpoena under FED. R. CIV. P. 45 ("Rule 45") through the South Dakota Division of Insurance on OMSNIC on September 21, 2022.  Docket Nos. 40-4, 40-5.  The subpoena commanded OMSNIC to produce

3

the entire claims file. Before receiving a response from OMSNIC, plaintiff filed this motion to compel under FED. R. CIV. P. 37 ("Rule 37") on October 13, 2022. Docket No. 28. On October 19, 2022, plaintiff's counsel was notified that Clyde & Co., LLP was representing OMSNIC in connection with the records subpoena. Docket 40-6. Clyde & Co., LLP counsel requested an extension to respond to plaintiff's subpoena, which plaintiff granted. Id. On November 2, 2022, 352 pages of the claims file were emailed to plaintiff directly from OMSNIC. Docket No. 40-12. Some of the contents of the 352 pages were redacted. Docket No. 44, Exs. 1-4.

On November 16, 2022, Clyde & Co., LLP, counsel for OMSNIC, asserted objections to the subpoena on the basis of relevance, attorney-client privilege, and work product as to the redacted portions of the document production. Docket No. 40-7. The privilege log[2] produced by OMSNIC, detailed Bates Nos. on the claims file pages, sender and recipient, description of contents, and specific objections for each redaction. Id. at pp. 2-3.

On November 28, 2022, defense counsel served plaintiff with supplemental responses to Request for Production No. 8, renewing general objections, and incorporating by reference OMNSIC's relevance, attorney-client privilege, work product objection and privilege log. Docket No. 40-14.

---

[2] Also known as a Vaughn Index. See Vaughn v. Rosen, 484 F.2d 820 (1973). A Vaughn Index usually consists of a detailed affidavit, the purpose of which is to "permit the court system effectively and efficiently to evaluate the factual nature of disputed [assertedly privileged] information." Id. at 826.

4

## DISCUSSION

A.   **Discoverability of the Entire Claims File under Rule 34.**

Defendant argues that OMSNIC asserted that Dr. Dye did not have possession, custody, or control over the entire claims file, a fundamental requirement under FED. R. CIV. P. 34 ("Rule 34").[3]  Docket No. 30-3, p. 1. Neither OMSNIC nor defendant provides legal grounds for this assertion, yet defendant's objection to possession, custody, or control over the entire claims file was the impetus for plaintiff to issue the subpoena on OMNSIC, a non-party to this suit.

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to request the production of documents "in the responding party's possession, custody, or control." See Rule 34(a)(1).  A party has control if it "has the *legal right* to obtain the document, even though in fact it has no copy."  8B Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure § 2210 (3d ed. 2022) (citing U.S. Int'l Trade Comm'n v. ASAT, Inc., 411 F.3d 245 (D.C. Cir. 2005)) (emphasis added).  The concept of "control" is highly fact specific.  Id.  "A defendant may have control of documents it turned over to its insurer."  Id. (citing Henderson v. Zurn Indus., Inc., 131 F.R.D. 560, 567 (S.D. Ind. 1990)).

---

[3] Defendant also argues that plaintiff's justification for production is to impeach Dr. Dye's testimony, and plaintiff has not articulated how such evidence if used at trial, would not violate FED. R. EVID. 408.  Docket No. 39, p. 2 & p. 16 n.5. The question of whether or how this evidence would be used at trial is irrelevant for a motion to compel.  See FED R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.

> A party must make a reasonable search of all sources reasonably likely to contain responsive documents.  The term "all sources" includes [a party's] attorney, expert, insurance company, accountant, spouse, agent, etc.  Typically, what must be shown to establish control over documents in the possession of a non-party is that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession.

Becnel v. Salas, No. MC 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (quoting Duarte v. St. Paul Fire & Marine Ins. Co., No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015)); see United Nat'l Ins. Co. v. Gunderson, Inc., No. CV 08-678 (MJD/JJK), 2010 WL 11537511, at *6 (D. Minn. May 20, 2010) (collecting cases); Sims v. State Farm Mut. Auto. Ins. Co., No. 4:13CV00371 JLH, 2014 WL 12650652, at *5 (E.D. Ark. Apr. 30, 2014) (Insurer produced portions of the claims file but asserted privilege over the remaining documents).

Plaintiff now relies on this district court's previous holding in Lamar Advert. of S.D., Inc. v. Kay, 267 F.R.D. 568 (D.S.D. 2010), to argue that Dr. Dye possessed, had custody, or controlled the claims file.  The Lamar court stated, where the "insurer and the insured have all the relevant information *at their control*, the insurer should not be permitted to invoke [a] . . . privilege to avoid disclosing information that is essential to proving its claim, and equally essential to defending against it." Lamar, 267 F.R.D. at 578 (emphasis added). Plaintiff cannot rest their argument on Lamar because the possession, custody, or control of the claims file in this case is in dispute, an argument not raised in Lamar.  This district court has never addressed the possession, custody, or

control of the entire claims file in the context of an initial negligence action against an insured.

In diversity cases, the substantive law of the state—here, South Dakota—applies to determine the rights and obligations of the parties while federal rules of procedure are applied. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); In re Baycol Products Litigation, 616 F.3d 778, 785 (8th Cir. 2010).

The South Dakota Supreme Court has not defined whether the insured has the legal right to the insurance claims file for discovery purposes during the time the claim against that insurance policy remains pending. Nor is there any South Dakota state statute defining such a right over the insurance claims file. The South Dakota Supreme Court has described the relationship between insurer and insured "akin to that of a fiduciary since it must give at least as much consideration to the insured's interests as it does to its own." Trouten v. Heritage Mut. Ins. Co., 2001 S.D. 106, ¶ 32, 632 N.W.2d 856, 864 (citing Long v. McAllister, 319 N.W.2d 256, 262 (Iowa 1982)). "Because of this fiduciary duty to the insured, the insurer stands in the shoes of the insured and has an adversarial relationship to the victim." Id. "As such, the insurance company cannot be required to serve two masters who have antagonistic interests." Id. South Dakota law clarifies that the non-party liability insurer, OMSNIC, is adversarial to Ms. Raba.

Among Eighth Circuit district courts, disputes compelling discovery of the entire claims file rarely center on the possession issue, custody, or control, rather, they center on assertions of relevance or privilege. Couture v.

7

Anderson, No. CIV. 10-5026, 2012 WL 369451, at *6 (D.S.D. Feb. 3, 2012) (investigative materials created and assembled by the insurer are not protected by the work-product doctrine); Lamar, 267 F.R.D. at 574-75 (assertion of privilege requires the party to produce a detailed privilege log); United Nat'l Ins. Co. v. Gunderson, Inc., No. CV 08-678 (MJD/JJK), 2010 WL 11537511, at *3 (D. Minn. May 20, 2010) (discovery of the insurer's claims file is case-by-case under the work-product doctrine).

When possession, control, or custody is undisputed, Eighth Circuit district courts generally assert that it is the insurer's, not insured's, claims file. Finnerty v. Liberty Ins. Corp., No. 408CV00093 RELRAW, 2010 WL 11500435, at *2 (S.D. Iowa Mar. 10, 2010); Gunderson, Inc., No. CV 08-678 (MJD/JJK), 2010 WL 11537511, at *3; Schipp v. Gen. Motors Corp., 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006). It is the insurer, not the insured, who creates the claims file. Claims files are created in the regular course of the insurer's business as the central depository for claims investigations and communications. See Couch on Insurance, 17A Couch on Ins. §§ 253:176 & 251.26 (3d ed. 2022). While the insured may submit information to the insurer for processing, the insurer manages the claims file.

Couch on Insurance attaches ownership to the insurer: "there are frequent attempts on the part of litigants to attain disclosure of *the insurer's* 'claims file'. . . . These attempts may come from insureds . . . or by an injured third party. . . . From a viewpoint of claims that these files are privileged, the

8

approach to these requests, and the likelihood of success appears to vary considerably." 17A Couch on Ins. § 250:29 (3d ed. 2022) (emphasis added).

The issue of possession, control, or custody of the insurance claims file has been litigated in Missouri courts. No other court in the Eighth Circuit has litigated this specific issue. The Missouri appellate courts hold that the insured has the legal right to the case file if the content is not privileged. State ex rel. Shelter Mut. Insurance Company v. Wagner, 575 S.W.3d 476, 483 (Mo. Ct. App. 2018) (citing Grewell v. State Farm Mut. Auto. Ins. Co., 102 S.W.3d 33, 37 (Mo. 2003) ("an insured is entitled to his or her claims file but does not hold that the entitlement to the file extends to documents protected by privilege."); see also Scottrade, Inc. v. The St. Paul Mercury Ins. Co., No. 4:09CV1855SNLJ, 2011 WL 572455, at *5 (E.D. Mo. Feb. 15, 2011) (once an insurer denies a claim, the parties become adversarial and "free and open access" to the insurer's claims file should cease)). Even though Missouri courts hold that the insured has the legal right to the claims file, the discoverability of the entire claims file rests with the insurer's assertion of relevance and privilege.

Further, discovery of the entire claims file is often exclusive to cases of bad faith. When bad faith insurance claims are brought by insureds against insurers, evidence of the insurer's conduct is contained throughout the claims file. See Bjornestad v. Progressive N. Ins. Co., No. CIV 08-4105, 2009 WL 2588286, at *2 (D.S.D. Aug. 20, 2009). This is not the case here because OMNSIC is not a party to this suit and there is no claim of bad faith.

9

If presented with similar facts and circumstances, the South Dakota Supreme Court would likely follow most states and would hold that OMSNIC, not Dr. Dye, has possession, custody, or control over the entire claims file for the purposes of Rule 34.  First, Dr. Dye could not command the release of the entire claims file.  Docket No. 30-3.  Second, in non-bad faith cases, the insurer (OMSNIC) must protect its own interests while defending its insured (Dr. Dye).  Trouten, 632 N.W.2d at 864.  The relationship between insurer and insured is not inherently adversarial, at least not until the denial of a claim.  However, an insured's "free and open access" to the entire claims file would undermine the fiduciary relationship between the insurer and insured.  If the relationship between Ms. Raba and OMSNIC is presumed adversarial under South Dakota law, it follows that plaintiff should also not have "free and open access" to OMSNIC's claim file.  Plaintiff's motion to compel is denied in part on these grounds.

**B.     Discoverability of the Entire Claims File under Rule 45.**

Defendant's principal opposition to this motion is that OMSNIC, not Dr. Dye, is the appropriate party for compelling production of the entire claims file under Rule 45(d)(2)(B)(i)[4] rather than Rule 37.  Docket No. 39, p. 8.

---

[4] The applicability of Fed. R. Civ. P. 34 is limited to a party to the suit who has "possession, custody or control" of the requested documents, while Fed. R. Civ. P. 45 extends to all persons, not just parties, who have been served with a subpoena pursuant to the rule.  Compare FED. R. CIV. P. 34(a) with FED. R. CIV. P. 45(a)(1)(A)(iii).  A motion to compel production of documents must be "made in the court where the action is pending" while a motion to command production under a subpoena must be made in the "district where compliance is required."  Compare FED. R. CIV. P. 37(a)(2) with FED. R. CIV. P. 45(d)(2)(B)(i).

Plaintiff initiated the subpoena for the entire claims file once she was informed by Dr. Dye that OMSNIC, a non-party, believed that they, and not Dr. Dye, had possession, custody, and control over the entire claims file. Plaintiff never disputed this assertion by defendant until after the subpoena had been issued to OMNSIC. Plaintiff was informed that OMSNIC had retained independent counsel for purposes of the subpoena. It was OMNSIC that produced the 352 pages of the claims file, not Dr. Dye. It was OMNSIC that produced the privilege log and objections to the subpoena, not Dr. Dye.

Plaintiff chose to pursue discovery of the entire claims file by issuing a subpoena to OMSNIC. Plaintiff's dispute over redacted and withheld portions of the claims file lies with OMSNIC, not Dr. Dye. Plaintiff cannot now assert that it was Dr. Dye all along who should have provided the entire claims file. The proper vehicle to address plaintiff's Request for Production No. 8 is enforcement of the subpoena under Rule 45(d)(2)(B)(i), not Rule 37. Such a motion must be served on OMSNIC and filed in the district in which production of documents was compelled. Plaintiff's motion to compel is denied in part on these grounds.

**C.     Discoverability of the Claims File Documents in Possession, Custody, or Control of Dr. Dye.**

Plaintiff asserts that defendant had access to portions of the claims file. Docket No. 29, p. 3; Aff. Abdallah ¶ 8. Defendant states that he did not possess the claims file "File Notes." Docket No. 39, p. 5. Defendant does not dispute possession of a portion of the claims file at the time of plaintiff's request for supplemental disclosure. "[L]ack of control may be considered an

11

objection to the discovery request and, like any such objection, it may be waived." Id. (citing Henderson v. Zurn Indus., Inc., 131 F.R.D. 560, 568 (S.D. Ind. 1990) (holding that defendant implicitly conceded they had control)).

In the letter addressing plaintiff's supplemental disclosure, counsel for Dr. Dye conceded that he possessed, had custody, or control over some documents originating from the claims file. "[OMSNIC] have advised me not to produce any of the requested documents or a privilege log for the documents in response to your request." Docket No. 30-3, p. 1. Dr. Dye and his insurer are separate entities and should be treated as such in this litigation. A third-party insurer, particularly a non-party, may not bar plaintiff's discovery on behalf of their insured. See Rule 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

It is unknown to this court what portion of the claims file Dr. Dye has in his possession, custody, or control. No matter if it is one page, or the entire file, under Rule 26, if Dr. Dye has possession, custody, or control, it is discoverable if it is relevant and nonprivileged. See FED. R. CIV. P. 26(b)(1) ("Rule 26"). Dr. Dye may not incorporate by reference OMSNIC's objections or privilege log. See Lamar, 267 F.R.D. at 574-75. If Dr. Dye believes that the portions or the entire claims file that are in his possession, custody, or control are irrelevant or privileged, he must assert the objections and privileges

independently from his insurer. Rule 26(b)(5). Plaintiff's motion to compel is granted in part on these grounds.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that the motion to compel [Docket No. 28] filed by plaintiff Barbara Raba is denied as to the entire claims file in possession, control, or custody of OMSNIC.

ORDERED that the motion to compel [Docket No. 28] is granted as to the claims file documents in Dr. Dye's possession, control, or custody. Dr. Dye must file his own privilege log if he believes that any contents of the claims file he actually possesses are irrelevant or privileged.

DATED this 22nd day of March, 2023.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge